UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STEVEN J. LANDIS and<br>JACQUELINE E. LANDIS,<br><br>Plaintiff<br><br>v.<br><br>HAMSTRA-WIERS, LLC d/b/a<br>WIERS CHEVROLET-GMC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 4:18-cv-00034<br>)<br>)<br>)  JURY DEMANDED<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES

Plaintiffs, STEVEN J. LANDIS and JACQUELINE E. LANDIS, by counsel, complains of Defendant, HAMSTRA-WIERS, LLC d/b/a Wiers Chevrolet-GMC, as follows:

### INTRODUCTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter referred to as the "ADA").

2. This matter arises out serious personal injuries sustained by Plaintiff when he slipped and fell at Wiers Chevrolet-GMC in DeMotte, Indiana. Defendant is liable for Plaintiff's injuries under Title III of the American with the Disabilities Act ("ADA") and state law.

### PARTIES

3. Plaintiff, STEVEN J. LANDIS ("Mr. Landis") is a citizen of the United

States and a citizen of the State of Indiana.

4. Mr. Landis is a qualified individual under the ADA. Plaintiff has had multiple back surgeries and a hip replacement.

5. Mr. Landis' disability, at all times material hereto, impairs his ability to walk, a major life activity, and requires him to often use a cane to ambulate.

6. Plaintiff, JACQUELINE E. LANDIS ("Mrs. Landis") is a citizen of the United States and a citizen of the State of Indiana. Mrs. Landis is Mr. Landis' legal spouse.

7. Defendant, HAMSTRA-WIERS, LLC d/b/a WIERS Chevrolet-GMC ("Wiers," the "Dealership") is a domestic limited liability company. The Dealership is located at 416 South Halleck Street, DeMotte, Jasper County, Indiana 46310.

## JURISDICTION AND VENUE

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1367.

9. Venue is proper, under 28 U.S.C. § 1391, as Mr. Landis' injury occurred in this District.

## FACTUAL ALLEGATIONS

10. On November 7, 2017, at approximately 9:30 a.m., Mr. Landis visited the Dealership and parked in the handicapped accessible parking space north of the entrance.

11. After concluding his business inside the Dealership, Mr. Landis came out of the building to return to his vehicle.

12. When Mr. Landis stepped off the sidewalk, he tripped on the curb to

the driver's side of his vehicle which was obstructed by bushes.

13. The fall caused serious and permanent injuries to Mr. Landis' right (dominant) arm.

## COUNT I: (STEVEN J. LANDIS)
## ADA VIOLATION

14. Plaintiff, STEVEN J. LANDIS repeats and realleges paragraphs 1-12 as though fully recited herein.

15. The Dealership is open to the public and provides goods and services to the public.

16. On November 7, 2017, Mr. Landis visited the Dealership and attempted to utilize the facilities offered at the Property.

17. While at the property, Mr. Landis experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

18. Mr. Landis continues to desire to visit the Dealership, but fears that he will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

19. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff, Mr. Landis, due to Defendant's failure to provide and/or correct the following barriers to access which were personally observed, encountered and which hindered Plaintiff's access:

    a. Inaccessible parking designated as accessible throughout the Dealership due to lack of proper access aisles;

  b. Failure to maintain a clear width of thirty-six (36) inches on the walking surfaces in front of the entrance;

  c. Inaccessible routes from the parking to the sidewalks at various locations throughout the Dealership due to curb cuts with excessive slopes and excessive side flare slopes, as well as gaps in pavement, unprotected edges and large bumps in the concrete that do not provide a smooth transition; and

  d. Inaccessible routes throughout the Dealership due to a lack of curb access points.

20. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

21. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

22. Removal of the barriers to access located on the Property would allow Plaintiff, Mr. Landis, to fully utilize the goods and services located therein.

23. Mr. Landis has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

WHEREFORE, Plaintiff, STEVEN J. LANDIS, demands judgment against Defendant and requests the following injunctive and declaratory relief that:

 A. The Court declare that the Property owned, leased, leased to and/or operated by Defendant is in violation of the ADA;

 B. The Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

 C. The Court enter an Order directing Defendant to evaluate and

    neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.     The Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     The Court awards such other and further relief as it deems necessary, just and proper.

## COUNT II: (STEVEN J. LANDIS) NEGLIGENCE (PREMISES LIABILITY)

24. Plaintiff, STEVEN J. LANDIS repeats and realleges paragraphs 1-12 as though fully recited herein.

25. At the above, time and place, Defendant owed a duty to Plaintiff to exercise ordinary care to maintain its premises in a reasonably safe condition.

26. Contrary to and in violation of said duty, Defendant was negligent and careless in the maintenance of its premises as follows:

    a.     Failure to maintain a clear width of thirty-six (36) inches on the walking surfaces in front of the entrance; and

    b.     Maintained inaccessible routes from the parking to the sidewalks where Plaintiff fell;

    c.     Failed to maintain proper access aisles adjacent to so-called "accessible parking" spaces; and

    d.     Was otherwise careless and/or negligent.

27. As a proximate result of the negligent acts or omissions of Defendant, Plaintiff, on the above date and time, fell and suffered severe and permanent personal injuries.

28. As a further proximate result of said injuries, Plaintiff has incurred

pain and suffering, disability, and expenses for medical care.

WHEREFORE, Plaintiff, STEVEN J. LANDIS, demand judgment against Defendant, HAMSTRA-WIERS, LLC d/b/a WIERS Chevrolet-GMC, as is reasonable in the premises of this complaint together with costs and disbursements herein.

## COUNT III: (JACQUELINE E. LANDIS)
## LOSS OF CONSORTIUM

29. Plaintiff, JACQUELINE E. LANDIS repeats and realleges paragraphs 24-28 as though fully recited herein.

30. By reason of Defendant's negligence, Plaintiff, JACQUELINE E. LANDIS' husband has been severely and permanently injured, was and is limited for several months, and Mrs. Landis was obliged to incur expenses for medical and surgical care, hospital bills, medicine, nursing, and other care for her husband, in attempts to effect rehabilitation and a cure for him.

31. Mrs. Landis has further, in consequence, been deprived of the society, companionship, and services of her husband, and her comfort and happiness have been impaired, all to her damage.

WHEREFORE, Plaintiff, JACQUELINE E. LANDIS, demands judgment against Defendant, HAMSTRA-WIERS, LLC d/b/a Wiers Chevrolet-GMC as is reasonable in the premises of this complaint together with costs and disbursements herein.

Respectfully submitted,

**STEVEN J. LANDIS and
JACQUELINE E. LANDIS**


*/s/ Trent A. McCain*
Plaintiffs' Attorney

Trent A. McCain, #23960-45
**McCAIN LAW OFFICES, P.C.**
5655 Broadway
Merrillville, IN 46410
(219) 884-0696 phone
(219) 884-0692 fax
Trent@McCain.Law

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38, Plaintiffs demand trial by jury in this action of on all issue triable.

Respectfully submitted,

**STEVEN J. LANDIS and
JACQUELINE E. LANDIS**


*/s/ Trent A. McCain*
Plaintiffs' Attorney

Trent A. McCain, #23960-45
**McCAIN LAW OFFICES, P.C.**
5655 Broadway
Merrillville, IN 46410
(219) 884-0696 phone
(219) 884-0692 fax
Trent@McCain.Law